**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

BRICKLAYERS AND ALLIED CRAFTWORKERS LOCAL
2, ALBANY, NEW YORK PENSION FUND, *by its*
*Administrator Stephen J. O'Sick*, *et al.*,

                            Plaintiffs

          - v -                                Civ. No. 1:06-CV-806
                                                        (LEK/RFT)

NORTHEAST KING CONSTRUCTION, INC., *f/k/a*
NORTHEAST CONSTRUCTION ENTERPRISES, INC.;
RANDY KING, *Individually and as Officer of* NORTHEAST
KING CONSTRUCTION, INC.; and KIM M. KING,
*Individually and as an Officer of* NORTHEAST KING
CONSTRUCTION, INC.,
_____

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

     From its inception, this case has been plagued by many mishaps, predominately attributable to discovery misadventures and Defendants' dilatory responses to Plaintiffs' Discovery Demands. A recitation of the case history is warranted.

     On November 1, 2006, we issued a Uniform Pretrial Scheduling Order (UPTSO) wherein we set, *inter alia*, the discovery deadline as June 1, 2007. Dkt. No. 13. Pursuant to a Stipulation, we amended the UPTSO resetting the discovery deadline to August 3, 2007. Dkt. No. 19, Order, dated May 16, 2007. More time to complete discovery was warranted primarily because of Defendants' failure to comply with Plaintiffs' Demands for Discovery. To urge Defendants' compliance, we

directed that "[i]f Defendants do not permit the audit of their books and payroll within thirty (30) days of this Order, Plaintiff[s] may file either a motion to compel and/or sanctions without further Court authorization." *Id*. at p. 2. Shortly thereafter, on July 12, 2007, Plaintiffs filed a Motion to Compel Discovery and Sanctions. Dkt. No. 20. Plaintiffs' Motion revealed that they served Discovery Demands upon Defendants on November 20, 2006, but, even as late as July 11, 2007, Defendants had not produced the books and records for examination, notwithstanding Plaintiffs' numerous attempts to obtain those records. *Id*., Jennifer A. Clarke, Esq., Aff., dated July 12, 2007, at ¶¶ 9-10.

After the Motion was filed, Defendants provided boxes of records, albeit in a slovenly and ill-maintained mode. During a telephone conference on July 20, 2008, we agreed to defer our decision on the Motion to give the parties more time with the expectation that they would be able to resolve their discovery differences and the Motion to Compel would be withdrawn. Hence, the UPTSO was amended, once again, and the discovery deadline was extended to October 1, 2007. Within a month's time, Defendants' counsel filed a Motion to Withdraw. Dkt. No. 25, Mot. to Withdraw, dated Aug. 29, 2007. The crux of Counsel's Motion was that "Defendants have failed to fully cooperate with [his] office and have provided documentation in a manner which does not permit [him] to properly and timely comply with the

Plaintiffs' discovery demands." *Id.*, Vic J. Kopnitsky, Esq., Aff., dated Aug. 28, 2008, at ¶ 5. While the Motion to Compel and the Motion to Withdraw were pending, Plaintiffs filed a Letter-Motion, dated September 4, 2007, renewing their request for an order compelling compliance and striking Defendants' Answers, Dkt. No. 28, and Defendants filed a brief Affidavit in Opposition to the Motion to Compel, Dkt. No. 30.

On September 21, 2007, we issued a Memorandum-Decision and Order, granting Defendants' counsel's Motion to Withdraw and providing Defendants a reasonable duration to retain new counsel. Dkt. No. 31. In granting the Motion to Withdraw, we were compelled to discuss Defendants' feeble attempts to act in good faith regarding discovery. We noted that there had been numerous demands to produce and schedule audits of Defendants' books. Despite Defendants' counsel's persistent importunes, production had been far from complete and appearances at scheduled audits not kept. Defendants' then-counsel opined that there may have existed more documents which could be used to respond to Plaintiffs' Demands.

However, the time to secure new counsel had to be extended periodically and we were obliged to stay all proceedings. Approximately six months later, Defendants retained new counsel. With the assistance of new counsel, Defendants entered into a Stipulation that presumably resolved the pending Motion to Compel. Dkt. No. 39.

That Stipulation was converted into an Order on February 4, 2008, and is now the epicenter of another round of sanction motions. Dkt. No. 40.[1] It is important to summarize the more salient terms of the Stipulation and Order:

- If Defendants failed to comply with the provisions of this Order, the Answer and Amended Answer would be stricken, Plaintiffs would be authorized to proceed with the entry of a judgment by default, and Defendants would be precluded from submitting evidence in opposition to any motion for default;

- If Defendants failed to comply with the provisions of this Order, the Court shall enter judgment in Plaintiffs' favor in the sum of $1,847.86; and

- "If Defendants have not preserved the documents reviewed by Plaintiffs' counsel on July 25, 2007 and/or if Defendants have disturbed those documents, contrary to the agreement of Attorney Clark and Attorney Vic J. Kopnitsky, Jr., thereby requiring Plaintiffs' to re-examine such documents, upon Plaintiffs' application with Defendants' opportunity to be heard[,] Defendants shall pay $1,430.00 to Plaintiffs[.]"

*Id*. at pp. 3-4.

Six Months later, Plaintiffs filed a Motion for Sanctions, Dkt. No. 42, to which Defendants oppose, Dkt. No. 45. Plaintiffs' attorney's Affidavit reveals that six boxes of documents were delivered to her office. Not only were those documents an inadequate response to the Discovery Demand but the documents had been disturbed, i.e., post-in notes created by Plaintiffs during a prior review were removed, contrary

---

[1] The preamble to this Stipulation and Order sets forth the discovery history in this case. Dkt. No. 40. On behalf of the Defendants, the Stipulation was signed by their new counsel, Robert J. Gallamore, Esq. *Id*. at p. 4; *see* Dkt. No. 34, Notice of Appearance.

to the February 4th Order, requiring her to duplicate her review efforts. *Id*. Jennifer A. Clarke, Esq., Aff., dated Aug. 2, 2008, at ¶¶ 8 & 9. Attorney Clark's list of discovery deficiencies extends two and one-half (2 ½) pages. *Id*. at ¶¶ 10-13. Pursuant to FED. R. CIV. P. 37(b), Plaintiffs seek those costs enumerated in the February 4th Order, an additional $5,125.22 for cost and fees incurred in re-examining the documents and bringing this Motion, as well as an Order striking Defendants' Answers to the Amended Complaints, precluding Defendants from submitting any evidence, and granting authorization to proceed with an entry of default. *Id*. at pp. 7-8.

Defendants blame their former counsel for not advising them that they were required to keep the documents in any prearranged fashion. Dkt. No. 45, Robert J. Gallamore, Esq., Affirm., dated Sept. 22, 2008, at ¶ 3. All of those files that had post-it notes on them were unwittingly removed by Defendant Randy King's mother-in-law, who provides bookkeeping services to Defendants. *Id*. Defendants exclaim that they were acting in good faith when they provided the documents to Plaintiffs. *Id.* at ¶ 4. Defendants' counsel posits that had they been told not to disturb those post-it notes or disarrange the files as received from their erstwhile counsel they would have left those boxes in tact. *Id*. at ¶ 5. Defendants' counsel continues to aver at considerable length about all of the bad luck and misfortune that has befallen

Defendant Randy King in the past year or so, and states that he "will make another attempt to provide what documentation [he] can to plaintiffs' counsel[.]" *Id*. at ¶¶ 6-9. Lastly, counsel pleads that striking Defendants' Answers and imposing costs, which they cannot afford, "would be unjust." *Id*. at ¶ 10.

In accordance with Federal Rule of Civil Procedure 37, a court has broad discretion in fashioning appropriate sanctions for discovery misconduct. *Treppel v. Biovail Corp.*, 249 F.R.D. 111 (S.D.N.Y. 2008) (citing throughout *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99 (2d Cir. 2002)); *Metro. Opera Ass'n., Inc. v. Local 100, Hotel Employees and Restaurant Employees Int'l Union*, 212 F.R.D. 178, 219 (S.D.N.Y. 2003) (citing *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d at 107); *see also Minotti v. Lensink*, 895 F.2d 100, 102-03 (2d. Cir. 1990) (stating a reviewing court will overturn a district court's application of such sanctions only where there has been an abuse of discretion). As the Second Circuit noted in *Update Art, Inc. v. Modiin Publ'g, Ltd.*, disciplinary sanctions under Rule 37 ensure that a party will not benefit from his or her failure to comply. 843 F.2d 67, 71 (2d Cir. 1988). Sanctions are specific deterrents and are imposed for the purpose of obtaining compliance with the particular order issued, and intended as a general deterrent effect on the case at hand and the future, provided the party against whom sanctions are imposed was in some sense at fault. *Id*. (citing *Nat'l Hockey League v.*

*Metro. Hockey Club, Inc.*, 427 U.S. 639 (1976) (*per curiam*) & *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1066 (2d Cir. 1979)); *see also Metro. Opera Assoc.*, 212 F.R.D. at 219 (citing *Nat'l Hockey League*, 427 U.S. at 643 & *Penthouse Int'l, Ltd. v. Playboy Enters.*, 663 F.2d 371, 386 (2d Cir. 1981) for the proposition that Rule 37 sanctions may be applied both to penalize conduct that warrants sanctions and to deter those who might be tempted to use such conduct in the absence of such a deterrent).

Sanctions may include those listed in Rule 37(b)(2)(A)(i)-(vii). Included as sanctions are the remedies of preclusion of proof against the disobedient party, striking pleadings, dismissing part of its actions or defenses, and rendering a default judgment against a disobedient party. FED. R. CIV. P. 37(b)(2)(A)(ii), (iii), (v) & (vi); *see also Burke v. ITT Automotive, Inc.*, 139 F.R.D. 24, 34 (W.D.N.Y. 1991) (citing *Paine, Webber, Jackson & Curtis, Inc v. Immobiliaria Melia de Puerto Rico, Inc.*, 543 F.2d 3 (2d Cir. 1976) for the legal proposition that an answer may be stricken and a counterclaim may be dismissed leading to an entry of a default judgment for the plaintiff).

We note that, given the harsh nature of a Rule 37(b) order of preclusion, it is "appropriate only in extreme situations." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (quoted in *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998)). Preclusion

pursuant to Rules 37(b) is also within the discretion of the court pursuant to its authoritative and discretionary control over case management and calendar congestion. *See Dodson v. Runyon*, 957 F. Supp. 465, 469 (S.D.N.Y.), *aff'd* , 152 F.3d 917 (2d Cir. 1998) (citing *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 148, 485 (2d Cir. 1994)); *see also Brown v. Lee*, 2007 WL 700950, at *3 (N.D.N.Y. Mar. 1, 2007) (citing, *inter alia*, *Dodson*).

The courts within this Circuit have found that the same test applies whether the basis for the dismissal or preclusion is for a party's failure to prosecute or to abide by court order. *See*, *e.g., Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (failure to comply with court order may be treated as a failure to prosecute). In considering whether dismissal or preclusion is the proper action herein, we must consider the following: (1) the duration of Defendants' failure to comply with the Court Order; (2) whether Defendants were on notice that failure to comply would result in dismissal; (3) whether the Plaintiffs are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the Court's interest in managing its docket with the Defendants' interest in receiving a fair chance to be heard; and (5) whether the Court has adequately considered a sanction less drastic than dismissal or preclusion. *See Jackson v. City of New York*, 22 F.3d 71, 74 (2d Cir. 1994); *Peat v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993); *Ferran v. Office of Dist. Attorney of County of*

*Rensselaer*, 552 F. Supp. 344 (N.D.N.Y. 2008) (quoting throughout *Jackson v. City of New York*). Generally, no factor is dispositive. *Nita v. Conn. Dep't of Envtl. Protection*, 16 F.3d at 485.

In reviewing the above factors, we find that the duration of Defendants' failure to comply with Discovery Demands has extended over an inordinate duration, nearly two years. We have given Defendants ample notice of the consequences if they continue to fail to comply with our Court Order. In fact, the February 4, 2008 Stipulation and Order sets out clearly and comprehensively what those consequences would be should they fail to comply with discovery mandates. Both Plaintiffs and the Court have endured frustration in getting Defendants to adhere to simple discovery demands and we find that Plaintiffs would be prejudiced to have to endure more of the same. Most recently, Defendants failed to comply with legitimate demands and a Court Order for approximately six months. To compel Plaintiffs to endure another endless round of discovery, with no reasonable expectation that Defendants will cooperate, would be nonsensical and folly. We have given Defendants an opportunity to be heard but find their position unpersuasive. In sum, Defendants have willfully disobeyed an Order of this Court and have not participated in discovery in good faith.

Our findings are not so much predicated upon the documents being provided to Plaintiffs in a haphazard and dysfunctional manner. Rather, the talisman for our

determination is the lack of full cooperation and full disclosure of all relevant documents. If the first round of disclosure did not satisfy discovery, why would Defendants think that the prospect of repeating the discovery process the same way would receive our endorsement. It had been previously highlighted that other documents may exist. Plaintiffs identify more than two pages of documents which were not provided. Defendants' counsel's offer to find more documents that would fulfill Plaintiffs' Demands have yet to come to fruition. Furthermore, it is Defendants' current counsel who entered into the Stipulations with Plaintiffs' counsel as to what would be the aftermath if Defendants failed once again to meet the terms of the Stipulation and Order. If we were to accept that Defendants' former counsel may have failed to alert them to maintain the records in a certain way, we also note that Defendants' current counsel, who was apprised of past struggles with discovery as rendered in the Stipulation's preamble and then executed the Stipulation on their behalf, should have alerted them of their fate if the records were delivered differently or <u>incompletely</u>.

We have considered less drastic remedies than striking Defendants' Answers, precluding Defendants from presenting any proof in opposing Plaintiffs' motion for default, and granting Plaintiffs permission to seek a default judgment. But no less remedy would serve us here as previous attempted deterrence had not effect.

Defendants' interminable defiance to cooperate in the pursuit of discovery has caused the following repercussions.

By virtue of the February 4, 2008 Stipulation and Order, which calculated the financial outcome for eventualities such as these, we impose a monetary sanction of $3,277.86. Rule 37(b)(2)(C) pellucidly states that "the court **must** order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expense unjust." FED. R. CIV. P. 37(b)(2)(C) (emphasis added). While there is no substantial justification for Defendants' failure, we do find, in some respect, the imposition of an additional monetary sanction of $5,125.22 would be unjust. A more just result is to levy as a monetary sanction the sum of $756.00 for the filing of this Motion.

We further recommend that all of Defendants' Answers be stricken and that Plaintiffs be allowed to proceed with entry of judgment by default against Defendants. Lastly, we recommend that Defendants be precluded from submitting any evidence in opposition to Plaintiffs' efforts to enter a default judgment. Because we are recommending that Plaintiffs be authorized to seek a default judgment and that Defendants be precluded from offering any proof in opposition, the request to extend the time for discovery is moot. *See Bambu Sales, Inc. v. Ozak Trading Inc.*, 58 F.3d

849 (2d Cir. 1995) (finding, *inter alia*, that an entry of default judgment is an appropriate remedy when a defendant fails to comply with discovery orders). There is no utility in continuing this charade that has repeatedly failed. This may appear to be "strong medicine," but that is what occurs when parties flout a court order; they do so at their peril. *Update Art, Inc. v. Modiin Pub., Ltd.*, 843 F.2d 67, 73 (2d Cir. 1988).

### III. CONCLUSION

For the reasons stated herein, it is hereby

**ORDERED**, that Plaintiffs Motion for Sanctions, Dkt. No. 42, is **granted in part and denied in part**; and it is further

**ORDERED**, that the Court awards sanctions against Defendants in the amount of $4,033.86 which shall be paid to Plaintiffs' Counsel. The Court will not grant Plaintiffs the additional monies sought; and it is further

**ORDERED**, that Plaintiffs' request to extend the time for discovery is moot; and it is further

**RECOMMENDED**, that all of Defendants' Answers, Dkt. Nos. 11 and 17, be stricken and that Plaintiffs may move for an entry of a default judgment against Defendants. We further recommend that Defendants be precluded from submitting any evidence in opposition to Plaintiffs' motion for entry of judgment and calculation of damages; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date:  November 13, 2008
       Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge