UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

BRICKLAYERS AND ALLIED
CRAFTWORKERS LOCAL 2, ALBANY,
NEW YORK PENSION FUND, et al.,

                        Plaintiffs,

   -against-                                    1:06-CV-0806 (LEK/RFT)

NORTHEAST KING CONSTRUCTION, INC.,
f/k/a NORTHEAST CONSTRUCTION ENTERPRISES,
INC.; RANDY KING, Individually and as Officer of
NORTHEAST KING CONSTRUCTION, INC.;
and KIM M. KING, Individually and as an Officer of
NORTHEAST KING CONSTRUCTION, INC.,

                        Defendants.

**DECISION AND ORDER**

       Plaintiffs brought this action against Defendants seeking fringe benefit contributions, deductions, interest, liquidated damages, costs and disbursements, and attorney's fees due and owing to multiemployer benefit plans and a labor organization and the production of Defendants' books and records for an audit pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq.  Second Am. Compl. (Dkt. No. 16).

       Defendants have failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure.  See Dkt. Nos. 46, 48.  On April 1, 2009, Plaintiffs filed a Motion for default judgment against Defendants.  Motion (Dkt. No. 51).  By Order of this Court, Defendants were precluded from submitting any evidence in opposition to this Motion.  Order (Dkt. No. 48); see also Report-Rec. (Dkt. No. 46).

       The Federal Rules of Civil Procedure provide a two-step process for obtaining a default

judgment: (1) the clerk of the court must enter a default against a party that has not appeared or defended; and (2) the plaintiff must apply for a judgment of default from either the clerk or the court, depending on whether the claim is for a "sum certain."  See FED. R. CIV. P. 55(a), (b).  In accordance with this Court's Order, the Clerk entered default against Defendants, pursuant to Federal Rule of Civil Procedure 55(a).  Dkt. No. 53.

When a default is entered, the defendants' failure to respond constitutes an admission of the well-pleaded factual allegations in the complaint, except as to claims relating to the amount of damages.  See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.3d 155, 158 (2d Cir. 1992); Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981); Quality Carriers, Inc. v. Randolph, 06-CV-1170, 2007 U.S. Dist. LEXIS 49479, at *2 (N.D.N.Y. July 9, 2007).  Given Defendants' apparent lack of interest in this proceeding, judgment by default pursuant to Federal Rule of Civil Procedure 55(b) is appropriate, and Plaintiffs' undisputed allegations as to liability are, therefore, admitted.  However, while defendants' default constitutes a concession of liability, it is not considered an admission of damages.  Greyhound, 973 F.3d at 158.

In assessing damages pursuant to Federal Rule of Civil Procedure 55(b)(2), courts must ensure that there is a basis for the damages specified in the judgment and not simply accept the moving party's statement of damages.  Transatlantic Marine Claims Agency, Inc. v. Acme Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997).  In order to determine the amount of damages following a default, it is not necessary for a court to hold a hearing; the court may rely on detailed affidavits and documentary evidence to fix damages.  Id.; see also Tamarin v. Adam Caterers, Inc., 13 F.3d 51, 54 (2d Cir. 1993); Action S.A. v. Marc Rich & Co., Inc., 951 F.2d 504, 508 (2d Cir. 1991).

Following review of the Record and the submissions of Plaintiffs, this Court finds that the amounts requested by Plaintiffs, including delinquent fringe benefit contributions, deductions,

accrued interest, liquidated damages and other costs, attorney's fees and costs, are due and owing to Plaintiffs in the matter.  Not including attorney's fees and costs, Defendants owe Plaintiffs the sum of $689,875.29 pursuant to ERISA Section 502(g)(2) and the parties' contractual agreement.  See 29 U.S.C. § 1132(g)(2); see also Mem. in Supp. of Pls.' Mot. for Default J. at 8-9.  The sum of $689,875.29 represents: (1) $353,714.94 in fringe benefit contributions and deductions; (2) $179,318.20 in interest on the unpaid monies; (3) $141,942.60 in liquidated damages; and (4) $14,899.55 in audit fees.

Plaintiffs are also statutorily and contractually entitled to reasonable attorney's fees and costs, to be paid by Defendants.  See 29 U.S.C. § 1132(g)(2); see also Mem. in Supp. of Pls.' Mot. for Default J. at 18-21.  Accordingly, this Court awards Plaintiffs attorney's fees and costs in the total amount of $29,969.47, representing $28,011.95 in fees and $1,957.52 in costs and disbursements.

In addition to monetary damages, Plaintiffs now seek a permanent injunction directing Defendants to produce all of their books and records for the period July 1, 2007 to the present to Plaintiffs for their review and audit.  Id. at 18.  In addition, Plaintiffs request that this Court order Defendants "to pay all attorneys' and paralegal fees and costs incurred in obtaining that audit" and in the event that "Defendant fails to provide all of their books and records . . . the Court should find that Defendants owe $47,196.96[1] in fringe contributions and deductions for the period July 1, 2007 through April 1, 2009, and enter judgment for the $47,196.96 plus the interest, liquidated damages, attorney's fees and costs, including paralegal fees associated with those monies."  Id.

---

[1] The amount of $47,196.96 is calculated based on Defendants' 2006 work history and a yearly payroll of 1,499.40 hours and the adverse inference that Defendants' employees performed 124.96 hours of bargaining unit work for each and every month during the period of July 1, 2007 through April 1, 2009.  See Mem. in Supp. of Pls.' Mot. for Default J. at 18; DeMacy Aff. ¶ 13 (Dkt. No. 51, Ex. 5).

It is a well settled that permanent injunctions are an available remedy under ERISA.  29 U.S.C. § 1132(g)(2)(E); see Beck v. Levering, 947 F.2d 639, 641 (2d Cir. 1991) ("to deny the power in federal courts to issue permanent injunctions would . . . fly in the face of both precedent, Congressional intent and common sense."); Onondaga County Laborers' Health, Welfare, Pension, Annuity and Training Funds v. Sal Masonry Contractor, Inc., 91-CV-0466, 1992 U.S. Dist. LEXIS 4715, at *28 (N.D.N.Y. April 4, 1992) (finding that federal courts have the authority to grant permanent injunctions under ERISA).  "To obtain a permanent injunction, the plaintiff must succeed on the merits and 'show the absence of an adequate remedy at law and irreparable harm if the relief is not granted.'"  Roach v. Morse, 440 F.3d 53, 56 (2d Cir. 2006) (quoting N.Y. State Nat. Org. for Women v. Terry, 886 F.2d 1339, 1362 (2d Cir. 1989)).  Plaintiffs have succeeded on the merits in this action.  Further, the evidence before the Court reveals that Plaintiffs' legal remedy of monetary damages is not adequate.  Defendants have continually been delinquent in remitting the contributions owed to Plaintiffs.  There is nothing in the record to suggest that Defendants will not continue to ignore their contractual obligations and be delinquent in their payments absent a permanent injunction.  Moreover, further failure to perform will undoubtedly result in irreparable harm to the fiscal security of the fund and the employees.  Therefore, the Court concludes that Plaintiffs are entitled to the injunctive relief sought.

Accordingly, it is hereby

**ORDERED**, that Plaintiffs' Motion for default judgment (Dkt. No. 51) is **GRANTED** and the Clerk shall enter default judgment against Defendants in the total amount of $719,884.76; and it is further

**ORDERED**, that Plaintiffs' request for a permanent injunction is **GRANTED** and Defendants must produce, for Plaintiffs' review and audit, their books and records from July 1, 2007

through the date of this Order; Defendants' failure to produce these documents for inspection within **sixty (60) days** of this Order will result, upon application of Plaintiffs, in entry of a judgment in favor of Plaintiffs in the amount of $47,196.96 plus interest, liquidated damages, attorney's fees and costs; and it is further

>**ORDERED**, that the Clerk serve a copy of this Order on all parties.

>**IT IS SO ORDERED**.

DATED:   June 16, 2009
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge